UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

VICTOR SWAMINATHAN,

            Plaintiff,

Case No. 3:23-CV-497-CHB

v.

TYLER FITCHIE,

            Defendant.

## COMPLAINT

Plaintiff, Victor Swaminathan ("Mr. Swaminathan"), by counsel, files this Complaint (the "**Complaint**") against Defendant, Tyler Fitchie, and asserts the following:

### JURISDICTION

1.      The Court has subject matter jurisdiction in this matter under 28 U.S.C. § 1332(a) because the matter in controversy exceeds $75,000 and the claims are between citizens of different states.

2.      Venue for this matter is proper in this District under 28 U.S.C. § 1391(a)(2) because a substantial part of the actions or omissions giving rise to the claims asserted in this Complaint occurred in this District and the documents upon which the Plaintiff has sued apply Kentucky law and designate venue in this Court for the resolution of disputes between the parties.

### THE PARTIES

3.      Mr. Swaminathan is an individual who resided in Louisville, Jefferson County, Kentucky, and is a citizen of the Commonwealth of Kentucky.

4.      Mr. Fitchie is an individual with a last known address of 522 W. Riverside, Suite N, Spokane, Washington 99201, and is a citizen of the State of Washington.

## FACTUAL BACKGROUND

5.      As an accommodation to Mr. Fitchie to aid in his purchase of substantially all of the stock in an entity known as DSI Group, Inc. d/b/a Defense Solutions and/or Defense Solutions International ("DSIG") pursuant to the terms of a stock purchase agreement, on March 31, 2023 Mr. Fitchie, as borrower, executed a Loan Agreement (the "Loan Agreement") in favor of Mr. Swaminathan, as Lender, to set forth the parties' respective rights and obligations in connection with Mr. Swaminathan's loan of One Million Five Hundred Thousand Dollars ($1,500,000.00) to Mr. Ritchie.  A true and accurate copy of the Loan Agreement is attached hereto as **Exhibit A**.

6.      In connection with and to evidence the loan described above, on March 31, 2023 Mr. Fitchie executed a Promissory Note (the "Note") in favor of Mr. Swaminathan pursuant to which Mr. Swaminathan would issue the sum of $1,000,000.00 on or before March 31, 2023 and the balance of $500,000.00 on or before April 3, 2023.  A true and accurate copy of the Note is attached hereto as **Exhibit B**.

7.      On April 3, 2023 the parties entered into a First Amendment to Loan Agreement that altered the timing of the loan disbursements, a true and accurate copy of which is attached hereto as **Exhibit C**.

8.      As an inducement for Ms. Swaminathan to make the loan described above, Mr. Fitchie offered to pledge all of the shares of TKM Enterprises, LLC d/b/a TKM Underground, a Washington limited liability company ("TKM") in addition to the DSIG shares (the TKM shares and the DSIG shares will be referenced herein collectively for convenience as the "Shares") to secure the loan, and also submitted a personal financial statement and the 2021 tax returns of TKM in an effort to secure funding from Mr. Swaminathan.   Mr. Fitchie further caused DSIG to issue a stock pledge

authorization as an inducement to Mr. Swaminathan to make the loan.  A true and accurate copy of the stock pledge inducement letter is attached hereto as **Exhibit D**.

9.      Mr. Swaminathan agreed to make the loan to Mr. Fitchie, and Mr. Fitchie thereafter executed an Escrow Agreement designated to hold the Shares.  A true and accurate copy of the Escrow Agreement is attached hereto as **Exhibit E**.

10.     Under the terms of the Escrow Agreement, Brian Herzig (the "Escrow Agent") would

    a.  Hold the Shares so long as Mr. Fitchie was not in default under the Loan Agreement;

    b.  Hold Twenty-Five Percent (25%) of the Shares in a constructive trust for the benefit of Mr. Swaminathan;

    c.  Release 95% of the Shares to Mr. Fitchie upon his payment to Mr. Swaminathan of the amounts owing under the Note; and

    d.  Should Mr. Fitchie default on the Note, release and transfer to Mr. Swaminathan all of the Shares.

11.     Following execution of the Loan Agreement, Note and Escrow Agreement (collectively, the "Loan Documents"), Mr. Swaminathan made the loan to Mr. Fitchie.  However, Mr. Fitchie has failed and refused to turn over the Shares to the escrow agent.  Further, despite demand, Mr. Fitchie has failed and refused to repay the sums loaned to him by Mr. Swaminathan.

## COUNT I - BREACH OF CONTRACT

12.     The averments set forth in paragraphs 1 through 9 are incorporated herein by reference as if the same were set forth herein at length.

13.     Mr. Fitchie is in default of his obligations under the Loan Documents.

14.     As a result of Mr. Fitchie's default, Mr. Swaminathan is entitled to judgment in an amount to be proved at trial.

## COUNT II – FRAUD IN THE INDUCEMENT

15.     The averments set forth in paragraphs 1 through 11 are incorporated herein by reference as if the same were set forth herein at length.

16.     Mr. Fitchie induced Mr. Swaminathan to make the loan by offering to pledge his shares in TKM as security for the loan and by providing TKM's financial statements and tax returns, and by submitting his personal financial statement to Mr. Swaminathan.

17.     Mr. Fitchie represented that he would pledge the TKM shares by executing the Escrow Agreement and otherwise leading Mr. Swaminathan to believe that he would, in fact, pledge the TKM Shares and deliver them to the escrow agent.

18.     Mr. Fitchie made the aforementioned representations with the intention of obtaining Mr. Swaminathan's reliance thereon.

19.     Mr. Swaminathan reasonably relied on Mr. Fitchie's representations to his detriment.

20.     When Mr. Fitchie made the aforementioned representations, he did so with knowledge that he would not deliver possession of the TKM shares to the escrow agent.

21.     As a result of Mr. Fitchie's representations, Mr. Swaminathan has been damaged in an amount to be proved at trial.

## COUNT III – UNJUST ENRICHMENT

22.     The averments set forth in paragraphs 1 through 18 are incorporated herein by reference as if the same were set forth herein at length.

23.     Mr. Swaminathan has loaned the sum of $1,500,000.00 to Mr. Fitchie.

24.     Mr. Fitchie has failed and refused to deliver possession of the TKM shares to the escrow agent to secure the loan proceeds.

25.     Mr. Fitchie has refused to pay the loan proceeds back to Mr. Swaminathan.

26.    As a result, Mr. Fitchie has been unjustly enriched, and Mr. Swaminathan is entitled to judgment against him in an amount to be proved at trial.

## COUNT IV – SPECIFIC PERFORMANCE

27.    The averments set forth in paragraphs 1 through 24 are incorporated herein by reference as if the same were set forth herein at length.

28.    The Escrow Agreement required Mr. Fitchie to deliver the Shares to the escrow agent.

29.    Mr. Fitchie has failed and refused to deliver possession of the Shares to the escrow agent.

30.    Mr. Swaminathan is entitled to an Order from this Court directing Mr. Fitchie to deliver possession of the Shares to the escrow agent to be administered as per the terms of the Escrow Agreement.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter Judgment against Defendant as follows: (1) an award of Plaintiff's damages for breach of contract in an amount to be proved at trial; (2) an award of Plaintiff's damages for fraud in the inducement in an amount to be proved at trial; (3) an award of Plaintiff's damages for unjust enrichment in an amount to be proved at trial; (4) an Order from this Court directing the Defendant to deliver possession of the Shares as described above to the escrow agent; (5) Plaintiff's reasonable attorneys' fees and costs for this action; (6) Pre-judgment and post-judgment interest; and (7) Such further and other relief as this Honorable Court deems appropriate and just.

Dated: September 20, 2023                    Respectfully Submitted,

                                             /s/ Michael W. McClain
                                             Michael W. McClain
                                             GOLDBERG SIMPSON LLC
                                             Norton Commons
                                             9301 Dayflower Street
                                             Prospect, KY 40059
                                             Tel:  502.589.4440
                                             Fax:  502.410.0528
                                             mmcclain@goldbergsimpson.com