UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| VICTOR SWAMINATHAN, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 3:23-CV-497-CHB |
| ) | |
| v. ) | |
| ) | |
| TYLER FITCHIE, ) | **MEMORANDUM OPINION AND** |
| ) | **ORDER** |
| Defendant. ) | |
| ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the Report and Recommendation ("Recommendation") filed by United States Magistrate Judge Colin H. Lindsay. [R. 21]. Also before the Court are two motions filed by Defendant Tyler Fitchie: a Motion to Set Aside Default Judgment, [R. 26], and a Motion to File Answer Out of Time, [R. 27]. The Recommendation addresses Plaintiff Victor Swaminathan's Motion for Default Judgment against Defendant Tyler Fitchie. [R. 9]. Magistrate Judge Lindsay ordered Swaminathan to file unredacted billing records and a supplemental brief addressing his claim that he is entitled to both monetary damages and specific performance, and Plaintiff did so. *See* [R. 16]; [R. 17]; [R. 19]; [R. 20]. Ultimately, Magistrate Judge Lindsay recommended that this Court grant Plaintiff's motion. Defendant then made his first appearance in the case and, acting pro se, filed objections to the Recommendation. [R. 24]. Shortly thereafter, counsel entered an appearance for Defendant, [R. 28], and filed the pending Motion to Set Aside Default Judgment, [R. 26], and the Motion to File Answer Out of Time, [R. 27].[1] Plaintiff has responded to both motions. [R. 29]; [R. 30]. Defendant failed to file a reply, and the time to do so

---

[1] The Court notes that in both the Motion to Set Aside Default Judgment and the Motion to File Answer Out of Time, Defendant failed to fully develop meaningful legal argument or cite to any caselaw in support of his assertions.

has expired. Accordingly, the motions are ripe for review. For the reasons set forth below, in particular because Plaintiff failed to serve Defendant properly, the Court will reject the Magistrate Judge's Recommendation, [R. 21]; deny Plaintiff's Motion for Default Judgment, [R. 9]; grant Defendant's Motion to Set Aside Default Judgment, [R. 26]; and grant Defendant's Motion to File Answer Out of Time, [R. 27].

### I.     Background

The facts of this case are largely undisputed by the parties. *See* [R. 1]; [R. 24]. Plaintiff and Defendant entered into a series of contracts regarding a loan. Plaintiff agreed to loan Defendant $1,500,000 in two installments.[2] [R. 1-2, pp. 1–3]. In exchange, Defendant agreed to (1) place stock he owned in TKM Enterprises, LLC d/b/a TKM Underground ("TKM") and shares he later would acquire in DSI Group, Inc. ("DSIG") as collateral for his repayment to Plaintiff, and (2) repay Plaintiff the loaned amount, plus an additional $2,500,000 to release Plaintiff's interest in the collateral stock. [R. 1-3, p. 1]. Defendant provided stock certificates to prove his ownership of the collateral and agreed to have Escrow Agent Brian Herzig hold the stocks until both parties had satisfied their parts of the bargain. [R. 1-3, p. 1]; [R. 1-5]. Defendant agreed to repay Plaintiff by June 2, 2023. [R. 1-3, p. 1]. If Defendant did not meet this deadline for repayment, the Loan Agreement provided for default instructions. First, if Defendant defaulted, Plaintiff was entitled to immediate distribution of the collateral held by Herzig. [R. 1-3, p. 2]. Further, Defendant would owe a 1.5% "late charge" of the remaining payoff balance. *Id.* Finally, Defendant would also be held responsible for "any and all expenses incurred by [ ] [Plaintiff] in connection with the loan . . . including reasonable attorneys' and paralegals' fees." *Id.* Plaintiff could, by terms of the contract,

---

[2] A subsequent contract modified the amount transferred in each installment but not the total loan amount. [R. 1-4].

2

"exercise any of the remedies provided for within the documents 'singly, successively, or together at [his] sole discretion.'" *Id.*

Defendant did not repay Swaminathan by the June 2, 2023 deadline. [R. 1].

Plaintiff filed a Complaint against Defendant on September 20, 2023, alleging breach of contract, fraud in the inducement, unjust enrichment, and specific performance. *Id.* Plaintiff requested that a copy of the summons and complaint be served by certified mail to: Tyler Fitchie, 522 W Riverside, Suite N., Spokane, WA 99201. [R. 3]. Defendant provided this address in the loan documents. [R. 1-2]. The mailing address, Plaintiff later determined, was to a suite leased or owned by Northwest Registered Agent. [R. 30]. The receipt was returned, signed by Hope Reed. [R. 4-1]. Defendant did not file an answer or otherwise make an appearance in the case. On November 15, 2023, Plaintiff filed a motion for default judgment with the clerk. [R. 7]. While Plaintiff cited to Federal Rule of Civil Procedure 55(b)(1), it appears he sought an entry of default under Rule 55(a). [R. 7]; *see also* Fed. R. Civ. P. 55(a). On November 16, 2023, the clerk entered default against Defendant. [R. 8]. On November 17, 2023, Plaintiff moved for default judgment with this Court. [R. 9].

Shortly thereafter, Defendant telephoned the Court and spoke with the Case Manager for Judge Claria Horn Boom. Defendant told the Case Manager that "he was aware of the lawsuit and would speak with [Plaintiff]." [R. 10]. According to the status report submitted by Plaintiff on January 31, 2024, the defendant briefly communicated by email with Plaintiff's counsel about resolving this matter on December 6, 2023. [R. 11]. While he spoke by email with counsel for Plaintiff, he did not appear or respond to the action. The matter was thereafter referred to Magistrate Judge Lindsay, [R. 13], who ultimately ordered Plaintiff to file copies of the unredacted billing records with the Court. [R. 16]. Then, "[t]he Court also sent a copy of its April 5, 2024,

3

order requiring [Plaintiff] to supplement his motion for default judgment to [Defendant] via certified mail and received a return receipt card back that was signed by the same person who signed when Defendant] was served with the Complaint via certified mail." [R. 21, p. 3–4]; *see also* [R. 16]; [R. 18]. Defendant did not respond or appear before the filing of Magistrate Judge Lindsay's Report and Recommendation.

In his Recommendation, Magistrate Judge Lindsay detailed the facts supporting entry of a default judgment under Rule 55, which "allows the Court to enter a default judgment against a defendant that has failed to plead or otherwise defend in a case." [R. 21, p. 4 (citing Fed. R. Civ. P. 55(b))]. Magistrate Judge Lindsay found that Swaminathan was "entitled to a judgment as to [Defendant]'s liability because the latter ignored this lawsuit after properly being served with process." *Id.* Magistrate Judge Lindsay acknowledged, however, that "a default judgment on well-pleaded allegations 'establishes only [D]efendant's liability; [P]laintiff must still establish the extent of damages.'" *Id.* at 4–5 (quoting *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995)). Magistrate Judge Lindsay thus "conduct[ed] an inquiry in order to ascertain the amount of damages" Plaintiff is entitled to "with reasonable certainty." *Id.* (citing *Vesligaj v. Peterson*, 331 F. App'x 351, 355 (6th Cir. 2009)).

Having conducted such an inquiry, Magistrate Judge Lindsay recommended that Swaminathan receive the default judgment sought. [R. 21, p. 12]. More specifically, he recommended that Swaminathan be awarded $4,061,767, which includes monetary damages, the 1.5% late fee provided for in the Promissory Note, attorney's fees, and costs. *Id.* Magistrate Judge Lindsay determined Swaminathan is entitled to post-judgment interest at the rate prescribed by 28 U.S.C. § 1961 from the date of the judgment until paid in full. *Id.* at 4, 12. In addition, Magistrate Judge Lindsay determined that Swaminathan was entitled to specific performance and "order[ed]

4

Fitchie to transfer all his shares as in DSI Group, Inc. d/b/a Defense Solutions and/or Defense Solutions International and TKM Enterprises, LLC d/b/a TKM Underground to the Escrow Agent listed in the parties' contract." *Id.* at 12.

Magistrate Judge Lindsay's Report and Recommendation advised the parties that any objections must be filed within fourteen (14) days. *Id.* Defendant timely filed his objections to the report and recommendation, acting pro se. [R. 24]. Defendant then retained counsel, *see* [R. 28 (Notice of Appearance)], and Defendant's counsel filed a Motion to Set Aside Default Judgment because of "mistake, inadvertence, surprise, or excusable neglect," along with a Motion to File Answer Out of Time. [R. 26]; [R. 27]. Plaintiff filed responses to both of these motions, as well as to Defendant's objections to the Recommendation. [R. 29]; [R. 30]. The Court will first consider the two pending motions.

## II.      Standard of Review

The defendant referred to this motion as a Motion to Set Aside Default Judgment. The Court has not entered default judgment and construes this as a motion seeking to set aside the Clerk's Entry of Default, [R. 8].

The grounds for setting aside entries of default are set forth in the Federal Rules of Civil Procedure. *See United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839, 843 (6th Cir. 1983). Rule 55(c) states that "[t]he court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). Under Federal Rule 55(c), the Court considers the following three factors to determine whether "good cause" exists: "(1) whether culpable conduct of the defendant led to the default; (2) whether the defendant has a meritorious defense; and (3) whether the plaintiff will be prejudiced." *Lu v. SAP America, Inc.*, No. 22-1253, 2022 WL 13983546, at *3 (6th Cir. Oct. 24, 2022) (citing *Waifersong, Ltd. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992)).

### III. Analysis

In Defendant's objection to the Report and Recommendation, Defendant makes two objections. [R. 24, pp. 2–3]. First, Defendant argues that he was not properly served; specifically, Defendant claims that he was "never personally served or served by certified mail" and that "the agent served was the incorrect agent." *Id.* Second, Defendant claims that the service was not verified by affidavit to the Court. *Id.* Relying on this information, Defendant filed a Motion to Set Aside Default Judgment and argues good cause in the form of "mistake, inadvertence, surprise, or excusable neglect" under Rule 60(b)(1). [R. 26].

In his Response, Plaintiff argues against a finding of good cause. [R. 30, pp. 3–4]. In particular, Plaintiff asserts that

> [Defendant] has not alleged in any of his filings the existence of a meritorious defense on the merits of the action. By contrast, [Plaintiff] has demonstrated the prejudice he would suffer if the Court were to grant [Defendant]'s requests; he stands to lose any value of the share certificates [Defendant] pledged to induce [Plaintiff] to make the underlying loan to him. The continuing passage of time works against [Plaintiff] to his extreme detriment.

*Id.* at 4. Plaintiff further contends that "[Plaintiff] should not be penalized for [Defendant]'s dilatory tactics." *Id.*

As noted above, a clerk's entry of default may be set aside for good cause shown. Fed. R. Civ. P. 55(c). However, "before we can reach the issue of good cause, we must establish whether service of process was proper. Proper service of process is required for a court to have personal jurisdiction over a defendant." *Lu v. SAP America, Inc.*, No. 22-1253, 2022 WL 13983546, at *3 (6th Cir. Oct. 24, 2022) (citing *Canaday v. Anthem Cos.*, 9 F.4th 392, 395 (6th Cir. 2021)). And "if service of process was not proper, the court must set aside an entry of default." *Id.* (quoting *O.J. Distrib., Inc. v. Hornell Brewing Co.*, 340 F.3d 345, 352 (6th Cir. 2003)).

6

Defendant alleges that Plaintiff has followed neither federal nor state service of process requirements.[3] [R. 24, pp. 2–3]. In particular, Defendant claims that the individual who received service of process was the "incorrect agent" and that Defendant's counsel "has been unable to verify or validate who signed for the certified mail and their connection to the Defendant." [R. 24, p. 3]. In response, Plaintiff asserts that service was proper under both Rule 4(e)(1) of the Federal Rules of Procedure and Rule 4 of the Kentucky Rules of Civil Procedure. [R. 30, pp. 1–3].

> Under Rule 4(e) of the Federal Rules of Civil Procedure,
>
> [u]nless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by:
> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
> (2) doing any of the following:
>     (A) delivering a copy of the summons and of the complaint to the individual personally;
>     (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>     (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).

As relevant here, under Rule 4(e)(1), Plaintiff could have properly served Defendant under Washington state law, the state "where service is made," under Kentucky state law, the state where the district court is located, or otherwise under Rule (e)(2)(C) to "an agent authorized by appointment or by law to receive service of process." *Id.* Because Plaintiff mailed service of process to Defendant at the Spokane, Washington address, [R. 4-1], the Court first considers compliance with Washington law but ultimately finds service lacking under Washington law.

---

[3] Defendant claims that he was not "personally served" under Rule 4(e)(2)(A), which is not in dispute by either party.

7

Under Washington law, a defendant is to be served "personally, or by leaving a copy of the summons at the house of his or her usual abode with some person of suitable age and discretion then resident therein." Wash. Rev. Code Ann. § 4.28.080 (West). Service of process by certified mail is a limited means of service, available only if a plaintiff shows that a defendant "cannot with reasonable diligence be served" under the methods listed in § 4.28.080(16),[4] and seeks a court order. Wash. Rev. Code Ann. § 4.28.080(17) (West); Wash. Super. Ct. Civ. R. 4; *Russell v. Wadot Capital, Inc.*, No. C22-0531, 2023 WL 4683906, at *3 (W.D. Wash. July 21, 2023). Washington Superior Court Civil Rule 4(d)(4) provides,

> [i]n circumstances justifying service by publication, if the serving party files an affidavit stating facts from which the court determines that service by mail is just as likely to give actual notice as service by publication, *the court may order* that service be made by any person over 18 years of age, who is competent to be a witness, other than a party, by mailing copies of the summons and other process to the party to be served at the party's last known address or any other address determined by the court to be appropriate. Two copies shall be mailed, postage prepaid, one by ordinary first class mail and the other by a form of mail requiring a signed receipt showing when and to whom it was delivered. The envelopes must bear the return address of the sender. The summons shall contain the date it was deposited in the mail and shall require the defendant to appear and answer the complaint within 90 days from the date of mailing. Service under this subsection has the same jurisdictional effect as service by publication.

Wash. Super. Ct. Civ. R. 4 (emphasis added)[5]; *McVay v. Zebell*, No. 2:23-CV-01065, 2023 WL 7386457, at *1–2 (W.D. Wash. Nov. 8, 2023) ("Washington law permits service of summons by mail in circumstances justifying service by publication [under] Washington CR 4(d)(4)."); *JFXD*

---

[4] "Reasonable diligence requires the plaintiff to make honest and reasonable efforts to locate the defendant." *Wright v. B. & L. Properties, Inc.*, 113 Wash.App. 450, 458 (2002). If a plaintiff is unable to locate a defendant, he may ask the Court for leave to serve the defendant by certified mail, but "a plaintiff must file an affidavit with the court explaining its effort to locate the defendant." *Zhao v. Tradego Forex Exchange*, No. C23-1821, 2024 WL 965176, at *1 (W.D. Wash. Mar. 6, 2024). Relevant details include searching government records and asking the United States Postal Service for a current address before service. *Russell v. Wadot Capital, Inc.*, No. C22-0531, 2023 WL 4683906, at *3 (W.D. Wash. July 21, 2023).

[5] Circumstances that justify service by publication include a plaintiff's inability to find a defendant, a defendant's attempts to defraud or "avoid the service of a summons," or when a defendant is not a resident of a state but holds property within it. Wash. Rev. Code Ann. § 4.28.100 (West).

*TRX ACQ, LLC v. East River JW, Inc.*, No. 2:24-cv-00594, 2024 WL 3552358, at *2 (W.D. Wash. July 26, 2024) ("Unlike other forms of service, Washington law requires litigants to receive court permission before serving process by mail."); *Collins v. Quintana*, No. C15-1619RAJ, 2016 WL 337262, at *2 (W.D. Wash. Jan. 28, 2016) ("Plaintiff did not seek a court order permitting service by mail. Despite not having the court's permission for mail service, Plaintiff still attempted to serve Defendants by mail. For this reason, service of process was insufficient." (internal citations omitted)); *Wilson v. Bank of America, N.A.*, No. C13-1567RSL, 2014 WL 841527, at *3 (W.D. Wash. Mar. 4, 2014) ("Additionally, service by mail constitutes proper service only after the serving party files an affidavit stating facts from which the court determines that service by mail is just as likely to give actual notice as service by publication and the court issues an order for service to be completed by mail. Neither Washington state law nor Rule 4(h) provides for service by certified mail, absent an order by the court." (internal citations omitted)). There is no evidence that Plaintiff could not serve Defendant using the methods listed in § 4.28.080(16) or that he sought permission from any court in Washington to serve Defendant by certified mail. Because of this, the Court finds that Plaintiff did not properly serve Defendant under Washington law.[6]

The Court next considers whether service of process to Defendant was proper under federal or Kentucky state law. First, the Court notes that Defendant alerted the Court before the entry of default that he was "aware" of the complaint and was in contact with Plaintiff to resolve the matter. [R. 10]. Still, actual notice is not sufficient to cure a defect in service of process. *King v. Taylor*, 694 F.3d 650, 655 (6th Cir. 2012); *see also Perlick Corp. v. Glastender, Inc.*, 622 F.Supp.3d 557,

---

[6] Washington's Superior Court Civil Rules have another provision governing the service of certain documents. Wash. Super. Ct. Civ. Rule 5. The Court finds that this provision does not apply in this case because it does not apply to service of the original complaint. Under Rule 5, service is "deemed complete upon the third day following the day upon which [the pleadings and other papers] are placed in the mail, unless the third day falls on a Saturday, Sunday or legal holiday. . . . The scope of CR 5's application is limited to 'every pleading subsequent to the original complaint.'" *Jones v. Stebbins*, 122 Wash.2d 471, 475 (1993) (internal citations omitted).

9

559–60 (E.D. Mich. 2022) ("[N]either Plaintiff's uncorroborated settlement negotiations with Defendant nor Defendant[']s alleged actual knowledge of the suit may cure Plaintiff's failure to serve process." (citing *Leisure v. Ohio*, 12 Fed. App'x 320, 321 (6th Cir. 2021))). While it is clear that Defendant had knowledge of the proceedings before the clerk's entry, this knowledge is irrelevant to whether Defendant was properly served. *King*, 694 F.3d at 655–56 (noting that a defendant's "full awareness" of being sued "makes no legal difference to the question whether he was properly served").

The Court finds that Defendant has not been properly served under the Federal Rules of Civil Procedure or the Kentucky Rules of Civil Procedure because the certified mail return receipt demonstrates that it was not signed by Defendant or an authorized agent. It is Plaintiff's burden to show that service of process was proper. *Bartley v. Jenny Stuart Med. Ctr.*, No. 5:19-CV-00005, 2020 WL 854190, at *2 (W.D. Ky. Feb. 20, 2020) ("The plaintiff bears the burden of perfecting service of process and showing that proper service was made." (citing Fed. R. Civ. P. 4(c)(1)); *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996))); *McGath v. Hamilton Loc. Sch. Dist.*, 848 F.Supp.2d 831, 836 (S.D. Ohio 2012) ("When service of process is challenged, the burden rests with the plaintiff to establish that service is properly made."). Here, Plaintiff has shown where he retrieved Defendant's address from the loan documents, and that the complaint and summons were sent by certified mail to that address. But, Plaintiff has not shown that service was proper under Kentucky law.

Under Kentucky law,

> [s]ervice shall be made upon an individual within this Commonwealth, other than an unmarried infant or person of unsound mind, by delivering a copy of the summons and of the complaint (or other initiating document) to him personally or, if acceptance is refused by offering personal delivery to such person, or by delivering a copy of the summons and of the complaint (or other initiating

>document) to an agent authorized by appointment or by law to receive service of process for such individual.

Ky. R. Civ. P. 4.04(2), 4.01(1)(a). Further, Rule 4.04(8), which governs service of out-of-state defendants, allows for service by certified mail:

> *Service may be made upon an individual out of this state*, other than an unmarried infant, a person of unsound mind or a prisoner, either *by certified mail in the manner prescribed in Rule 4.01(1)(a)* or by personal delivery of a copy of the summons and of the complaint (or other initiating document) by a person over 18 years of age. Proof of service shall be made either by the return receipt mentioned in Rule 4.01(1)(a) or by affidavit of the person making such service, upon or appended to the summons, stating the time and place of service and the fact that the individual served was personally known to him. Such service without an appearance shall not authorize a personal judgment, but for all other purposes the individual summoned shall be before the courts as in other cases of personal service.

Ky. R. Civ. P. 4.04(8) (emphasis added). "Service by registered mail or certified mail is complete only upon delivery of the envelope. The return receipt shall be proof of the time, place, and manner of service." Ky. R. Civ. P. 4.01(1)(a). Importantly, Rule 4.01(1)(a) requires that process be served "with instructions to the delivering postal employee to deliver to the addressee *only*." *Id.* (emphasis added).

Plaintiff claims that he followed this process by "serv[ing] the Complaint and Summons on [Defendant] by certified mail, return receipt requested." [R. 30, p. 2]. Defendant alleges that he has not received "any certified mail," and his counsel has not been able to "to verify or validate who signed for the certified mail and their connection to the Defendant." [R. 24, p. 3]. Because it is Plaintiff's burden to show that service was proper, Plaintiff's evidence that he sent the complaint and summons through certified mail is not enough to prove Defendant was properly served since another individual, Hope Reed, signed for the return receipt, and there is nothing in the record to show that Defendant has actually received any certified mail. *Bartley v. Jenny Stuart Med. Ctr.*, No. 5:19-CV-00005, 2020 WL 854190, at *3 (W.D. Ky. Feb. 20, 2020) (reciting that "[i]t is

Plaintiff's burden to show that proper service was made despite the fact that Defendant did not sign for the certified mail upon its arrival"); *see Treat v. Shedlofsky*, No. 3:10-CV-00745, 2012 WL 122561, at *5 (W.D. Ky. Jan. 17, 2012) ("Accordingly, CR 4.01 requires that the individual to be served must sign for the letter upon the arrival."); *Douglas v. Univ. of Ky. Hosp.*, No. 2006-CA-002149, 2008 WL 2152209, at *3 (Ky. Ct. App. May 23, 2008) ("Unfortunately, neither CR 4 nor the case law provides a good faith exception to proper service under the civil rules. The law is clear that a summons is delivered to a person only when placed within his reach and he accepts it. . . . In this instance. . .the summons and complaint were not signed for by the physicians for whom they were intended."). Plaintiff must "tak[e] care to ensure that [he] followed both federal and state rules of procedure mandating that only the addressee" receives the service. *Rose-Delk v. Exceptional Living Ctrs.*, No. 5:23-033, 2023 WL 6324323 (E.D. Ky. Sept. 28, 2023). There is nothing in the record to show that Plaintiff took precautions to ensure that Defendant only would receive the service, that Defendant actually received service, or that Defendant authorized another individual to receive service on his behalf. *See Bartley*, No. 5:19-CV-00005, 2020 WL 854190, at *3.

In response to both parties' arguments regarding service of process to an agent, the Court determines that the plaintiff has not shown that Northwest Registered Agent, or signer Hope Reed, is Defendant's agent. It is the plaintiff's burden "to prove that an agency relationship existed between the defendant and the individual who accepted service." 4A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1097 (4th ed. 2008) (citing *Dunkley v. Rutgers*, No. Civ. 06-5762, 2007 WL 203827 (D.N.J. July 11, 2007)). Subsection 4(e)(2)(C) of the Federal Rules of Civil Procedure governs the delivery of process to an agent appointed by law or by the defendant. Fed. R. Civ. P. 4(e)(2)(C). To determine whether an agent is authorized by

12

appointment, "[t]he federal courts look to the circumstances of the agency relationship, and although authority to accept process need not be explicit, it must either be express or implied from the type of relationship that has been established between the defendant and the alleged agent." 4A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1097 (4th ed. 2008). The Court must look to the intent of the defendant, and not of the agent, to determine whether the agent had the authority to receive service of process on behalf of the defendant. *See id.* Oftentimes, "actual appointment for the specific purpose of receiving process" is explicit, and other courts within this Circuit have deemed an "absence of an actual appointment" to be fatal for finding sufficient service of process. WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE § 1097; *McCombs v. Granville Exempted Vill. Sch. Dist.*, No. 2:07-CV-00495, 2009 WL 467066, at *4 (S.D. Ohio Feb. 24, 2009) (quoting *Whisman v. Robbins*, 712 F.Supp. 632, 636 (S.D. Ohio 1988)). Courts may also consider the appointment of an agent made in a contract. *See Nat'l Equip. Rental, Ltd. v. Szukhent*, 375 U.S. 311 (1964). For instance, an agent appointed for service of process in a form contract, even if unknown personally to the defendant, can be valid under Rule 4(e)(2)(C). *Id.* at 317.

Without explicit authority from the defendant, some courts still evaluate whether apparent authority exists. *Theressa Johnson & Deborah Johnson v. Pennyrile Allied Cmty. Servs. et al.*, No. 5:20-CV-71, 2021 WL 1873453, at *10–12 (W.D. Ky. May 10, 2021). Apparent authority concerns "the power held by an agent or other actor to affect a principal's legal relations with third parties when a third party reasonably believes the actor has authority to act on behalf of the principal and that belief is traceable to the principal's manifestations." RESTATEMENT (THIRD) OF AGENCY § 2.03 (AM. L. INST. 2006). Just as with Rule 4(e)(2)(C), a court must look to the principal, or defendant's, intent, rather than the agent's intent in receiving service of process. 4A CHARLES

13

ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1097 (4th ed. 2008); *see also* Johnson, No. 5:20-CV-71, 2021 WL 1873453, at *11.

The series of contracts between Plaintiff and Defendant specified that "[a]ny notice required by this Agreement or given in connection with it" should be sent,

> [i]f to Borrower:
> Tyler Fitchie
> 522 W Riverside, Suite N.
> Spokane, WA 99201.

[R. 1-2, pp. 2–3]. Plaintiff points to this evidence in his response to Defendant's objections, as "the address [Defendant] listed in the loan documents." [R. 30, p. 3]. In addition, Plaintiff states that this address "is [Defendant]'s last known address, and at no time did [Defendant] ever indicate a change of address to [Plaintiff]." *Id.* at 2. Even so, none of the contract documents state that Defendant intended for the tenants of that address, particularly Northwest Registered Agent or Hope Reed, to be his agent for purposes of service of process. "[T]he mere fact that a person acts as the defendant's agent for some purposes does not necessarily mean that the person has authority to receive the summons and complaint." 4A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1097 (4th ed. 2008). Neither Northwest Registered Agent nor Hope Reed is ever mentioned in the contract, much less expressly appointed as an agent for Defendant. The Court cannot assume that because Defendant directed notices related to the contract to be sent to Northwest Registered Agent's Washington address, the agency must be Defendant's agent for service of process.

While the plaintiff has not put forward additional evidence to show that either Northwest Registered Agent or Hope Reed was Defendant's agent, the Court finds that there is no actual or apparent authority to support finding such. Defendant did not hold out Northwest Registered Agent or Hope Reed to be his agent for service of process, nor did he hold out to Plaintiff that Northwest

14

Registered Agent or Hope Reed had the authority to receive service of process from him. *See* RESTATEMENT (THIRD) OF AGENCY § 2.03 (AM. L. INST. 2006). Rather, the only evidence of Northwest Registered Agent's connection to Defendant is that the agency is located at the same address that Defendant listed a year before the complaint was filed to receive any notices related to the contracts. Further, the individual who signed for the envelope, Hope Reed, did not identify as Defendant's agent; the check-box on the certified mail form for "Agent" was left empty. [R. 4-1, p. 3]. Thus, the Court finds that Plaintiff has not met his burden in showing that Northwest Registered Agent or Hope Reed was Defendant's correct agent for service of process.[7]

When a Court determines that service of process was not proper, "the court must set aside an entry of default." *O.J. Distrib., Inc. v. Hornell Brewing Co.*, Inc., 340 F.3d 345, 353 (6th Cir. 2003).

Because of the deficiency of service of process, the Court will grant Defendant's Motion to Set Aside Default Judgment, [R. 26], and grant Defendant's Motion to File Answer Out of Time, [R. 27]. As a result, the Court will reject the Magistrate Judge's Report and Recommendation, [R. 21], and deny Plaintiff's Motion for Default Judgment, [R. 9]. Defendant shall have up to and including Wednesday, October 30, 2024, within which to file an answer. Accordingly, and the Court being otherwise sufficiently advised,

**IT IS HEREBY ORDERED** as follows:

1. Magistrate Judge Colin H. Lindsay's Report and Recommendation, [**R. 21**], is **REJECTED** as the opinion of this Court.

---

[7] The Court finds that Plaintiff did not comply with the Kentucky Rules of Civil Procedure on this argument for similar reason. Plaintiff did not serve the defendant by certified mail personally, so Plaintiff must rely on Rule 4.04(2), which authorizes the delivery of process "to an agent authorized by appointment." Ky. R. Civ. P. 4.04(2). For the same reasons stated above, the Court finds that Plaintiff has not shown that Northwest Registered Agent, or Hope Reed, was Defendant's correct agent for service of process. *See Douglas v. Univ. of Ky. Hosp.*, No. 2006-CA-002149, 2008 WL 2152209, at *3 (Ky. Ct. App. May 23, 2008) (explaining that, when addressee's name is not on the return receipt, one should "inquire as to whether or not he was an authorized agent of the addressee").

2. Plaintiff's Motion for Default Judgment, [**R. 9**], is **DENIED.**

3. Defendant's Motion to Set Aside Default Judgment, [**R. 26**], is **GRANTED**.

4. Defendant's Motion to File Answer Out of Time, [**R. 27**], is **GRANTED**.

5. Defendant **SHALL** have up to and including **Wednesday, October 30, 2024**, within which to file an answer.

This the 24th day of September, 2024.

*Claria Horn Boom*
CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY